NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANDRA LEE DEMORUELLE; JOSEPH LOUIS DEMORUELLE,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>WAYNE L. PFEFFER; et al.,<br><br>Defendants-Appellees. | No. 15-17093<br><br>D.C. No. 1:14-cv-00547-LEK-BMK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted December 14, 2016[**]

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Sandra Lee Demoruelle and Joseph Louis Demoruelle appeal pro se from the

district court's judgment dismissing their action under *Bivens v. Six Unknown*

*Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

constitutional claims concerning veterans' benefits. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the existence of subject matter jurisdiction. *Naffe v. Frey*, 789 F.3d 1030, 1035 (9th Cir. 2015). We affirm in part, vacate in part, and remand.

The district court properly dismissed the Demoruelles' action for lack of subject matter jurisdiction because the Demoruelles' claims would have required the district court to review a question of fact or law relating to or affecting veterans' benefits decisions. *See* 38 U.S.C. § 511(a); *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1022-25 (9th Cir. 2012) (Veterans' Judicial Review Act precludes district court jurisdiction over claims relating to or affecting veterans' benefits decisions, "even if the veteran dresses his claim as a constitutional challenge[]"); *see also Recinto v. U.S. Dep't of Veterans Affairs*, 706 F.3d 1171, 1175-76 (9th Cir. 2013) (the Veterans' Judicial Review Act bars review of a plaintiff's due process claim because, even viewing it as a systemic challenge, it would necessarily require consideration of individual cases). However, we vacate the judgment to the extent that it dismissed the Demoruelles' claims with prejudice, and remand for entry of dismissal without prejudice. *See Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004) (dismissals for lack

15-17093

of subject matter jurisdiction should be without prejudice).

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**